ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**[1]

| | | |
|---|---|---|
| **ORLANDO SOTO PIJUAN**<br>DEMANDANTE(S)-RECURRIDA(S)<br><br><br>V.<br><br><br>**JOSÉ ENRIQUE ALVARADO SOLIVAN Y OTROS**<br>DEMANDADA(S)<br><br><br>**PRESBYTERIAN COMMUNITY HOSPITAL, INC. H/N/C ASHFORD HOSPITAL O ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL, INC.**<br>DEMANDADA(S)-PETICIONARIA(S) | **KLCE202500408** | **CERTIORARI**<br>procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Caso Núm.<br>**SJ2024CV10058 (805)**<br><br>Sobre:<br>Daños y Perjuicios; Impericia Médica |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 16 de mayo de 2025.

Comparece ante este Tribunal de Apelaciones, **PRESBYTERIAN COMMUNITY HOSPITAL, INC. (HOSPITAL)** mediante *Petición de Certiorari* interpuesta el 15 de abril de 2025. En su recurso, nos solicita que revisemos la *Orden* dictada el 21 de marzo de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[2] Mediante la antedicha decisión, el foro *a quo* declaró no ha lugar la *Moción Solicitando Orden Protectora y Prórroga* presentada el 24 de febrero de 2025 por **HOSPITAL** y le requirió contestar el descubrimiento de prueba dentro del plazo de diez (10) días.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre designación de paneles en el Tribunal de Apelaciones.
[2] Dicho dictamen judicial fue notificado y archivado en autos el 21 de marzo de 2025. Apéndice de la *Petición de Certiorari*, pág. 1.

Número Identificador: RES2025_____

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 29 de octubre de 2024, el señor ORLANDO SOTO PIJUAN (señor SOTO PIJUAN) instó *Demanda* sobre daños y perjuicios contra los señores JOSÉ ENRIQUE ALVARADO SOLIVAN y ENID RODRÍGUEZ RÍOS (señores ALVARADO-RODRÍGUEZ) y el HOSPITAL.[3] En dicha reclamación, alegó que la señora RODRÍGUEZ RÍOS, fuera de horas laborables y en gestiones no oficiales, divulgó información del expediente médico del señor SOTO PIJUAN. Argumentó que el 1 de diciembre de 2023, días después de haber sido dado de alta, asistió a su trabajo en el restaurante La Cantina Argentina y los señores ALVARADO- RODRÍGUEZ se encontraban en dicho negocio.[4] Enunció que el señor ALVARADO SOLIVAN comenzó a vociferar que el señor SOTO PIJUAN no podía estar trabajando debido a que tenía una bacteria o un virus contagioso.

Tiempo después, el 2 de diciembre de 2024, el HOSPITAL presentó una *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil* arguyendo que, entre otras cosas, no se podía ejercitar una causa de acción bajo la Ley HIPPA en su contra.[5] Empero, el 9 de diciembre de 2024, el HOSPITAL presentó su *Contestación a la Demanda* conteniendo sus defensas afirmativas.[6] El 12 de diciembre de 2024, el señor SOTO PIJUAN presentó su *Oposición a Moción de Desestimación*.[7] Replicó que la reclamación sobre daños y perjuicios no incluye una causa de acción bajo la Ley HIPPA. Así las cosas, el 13 de diciembre de 2024, se emitió *Orden* en la cual se declaró no ha lugar a la *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil* presentada el 2 de diciembre de 2024 por el HOSPITAL.[8]

---

[3] Apéndice de la *Petición de Certiorari*, págs. 2- 7.
[4] El señor SOTO PIJUAN estuvo hospitalizado por una celulitis facial.
[5] Apéndice de la *Petición de Certiorari*, págs. 8- 23. La Ley HIPPA se le conoce como "*Health Insurance Portability and Accountability Act of 1996*".
[6] Apéndice de la *Petición de Certiorari*, págs. 49- 68.
[7] *Íd.*, págs. 24- 28.
[8] *Íd.*, págs. 29- 30.

Posteriormente, el 30 de enero de 2025, el señor **SOTO PIJUAN** cursó un *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos* al **HOSPITAL** [9] El 24 de febrero de 2025, el **HOSPITAL** presentó una *Moción Solicitando Orden Protectora y Prórroga* concerniente al descubrimiento de prueba sobre las alegadas violaciones de privacidad bajo la Ley HIPAA.[10] A los pocos días, el 27 de febrero de 2025, el señor **SOTO PIJUAN** presentó una *Moción en Oposición a Orden Protectora*.[11] Adujo que el **HOSPITAL** no había cumplido con la Regla 34.1 de las de Procedimiento Civil de 2009. Esto es, no surge una certificación que acredite los esfuerzos razonables para tratar de llegar a un acuerdo para resolver lo planteado sobre el descubrimiento y éstos resultaron infructuosos.

El 21 de marzo de 2025, se dictaminó la *Resolución* recurrida. Inconforme, el 15 de abril de 2025, **HOSPITAL** recurrió ante este foro revisor señalando el(los) siguiente(s) error(es):

> El Tribunal de Primera Instancia excedió su jurisdicción al Ordenar al Hospital contestar descubrimiento de prueba que es evidentemente atinente a una reclamación bajo la [L]ey HIPAA.
>
> El Tribunal de Primera Instancia abusó de su discreción al denegar la solicitud de orden protectora, permitiendo que las demás partes sometan al Hospital a descubrimiento de prueba relacionado con causas de acción bajo la Ley HIPAA.

Ese mismo día, el **HOSPITAL** presentó *Moción en Auxilio de Jurisdicción* solicitando la paralización de los procedimientos ante el foro recurrido. El 16 de abril de 2025, pronunciamos *Resolución* declarando con lugar a la interpelación sobre auxilio de jurisdicción. En adición, se concedió un término de diez (10) días al señor **SOTO PIJUAN** para mostrar causa y exponer las razones por las cuales no se debía expedir el auto de *certiorari* y revocar la *Orden* de 21 de marzo de 2025. El 28 de abril de 2025, el señor **SOTO PIJUAN**

---

[9] Apéndice de la *Petición de Certiorari*, págs. 41- 48. En el pliego de interrogatorio, se incluyó varias solicitudes de información y producción de documentos dirigidos específicamente a asuntos bajo la Ley HIPAA, ello a pesar de haber informado que no se había formulado una reclamación directa bajo la Ley HIPAA.

[10] Apéndice de la *Petición de Certiorari*, págs. 31- 38.

[11] *Íd.*, págs. 39- 40.

presentó *Oposición a que se Expida el Auto de Certiorari Moción de Desestimación.*

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

### - II -

### - A - *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[12] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[13]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[14] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[15]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[16] La aludida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter

---

[12] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[13] *Íd.*
[14] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[15] *Íd.*
[16] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra*.

dispositivo".[17] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[18]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[19]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[20] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[21]

---

[17] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[18] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supr*a, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[19] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[20] *Íd.*
[21] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[22] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[23] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[24] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[25]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[26] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[27]

### - B - *Descubrimiento de Prueba*

Nuestro Máximo Foro reiteradamente a denotado que el propósito del *descubrimiento de prueba* es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad; y (5) perpetuar la prueba.[28] Así pues, el alcance del *descubrimiento de prueba* es amplio y liberal.[29] Ese alcance amplio y liberal claramente propende a que, mediante el buen uso del *descubrimiento de*

---

[22] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[23] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[24] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[25] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc.*, *supra*.
[26] *García v. Asociación*, 165 DPR 311, 322 (2005).
[27] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[28] *Rivera et al. v. Arcos Dorados et al.*, *supra*; *Torres González v. Zaragoza Meléndez*, *supra*. Véase Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334.
[29] *Rivera Gómez v. Arcos Dorados*, *supra*.

*prueba*, se aceleren "los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio.[30]

Ahora bien, eso de ninguna manera significa o se traduce en que el *descubrimiento de prueba* sea una carta en blanco para utilizarse indiscriminadamente para hostigar y perturbar a una parte.[31] Es ahí cuando el tribunal de instancia, en el ejercicio de su sana discreción, puede limitar el alcance y los mecanismos a utilizarse, ya que su obligación es garantizar una solución justa, rápida y económica del caso, sin que ello constituya alguna ventaja para cualquiera de las partes en el pleito.[32]

Igualmente, el Tribunal Supremo ha precisado que los foros apelativos "[n]o [ha] de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, *excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo*".[33]

Dicho criterio de revisión aplica a la intervención de los tribunales apelativos en cuanto a las determinaciones interlocutorias de los foros de instancia.[34] Es por ello, que *al momento de ejercer su discreción de extender o acortar el término para efectuar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos (2) intereses importantes para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial.*[35] Así, por una parte, el foro de instancia deberá garantizar la pronta solución de las controversias, y por otra, deberá velar que las partes tengan la oportunidad de realizar un amplio *descubrimiento de prueba* para que en la audiencia o juicio en su fondo no surjan sorpresas.[36]

---

[30] *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021).
[31] *Torres González v. Zaragoza Meléndez, supra; Cruz Flores et al., v. Hosp. Ryder et al.*, 210 DPR 465 (2022).
[32] *Íd.*
[33] *McNeil Healthcare v. Mun. Las Piedras II, supra*, pág. 672. (Énfasis suplido).
[34] *Torres González v. Zaragoza Meléndez, supra*, pág. 16; *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000).
[35] *Torres González v. Zaragoza Meléndez, supra; Machado Maldonado v. Barranco Colón*, 119 DPR 563, 565–566 (1987). (Énfasis suplido).
[36] *Íd.*

## - C - *Orden Protectora*

El tribunal de instancia podrá, *motu proprio* o a solicitud de parte, limitar el alcance del descubrimiento de prueba.[37] La Regla 23.2 (a) de las de Procedimiento Civil de 2009 nos instruye que esto procederá bajo alguna de las circunstancias siguientes:

> (1) Que la prueba que se pretende descubrir es un duplicado de otra prueba o es irrazonablemente acumulativa;
> (2) que la prueba puede obtenerse mediante otra forma más conveniente, menos onerosa y costosa para la parte a quien se le solicita;
> (3) que la parte que solicita la prueba haya tenido oportunidad de obtenerla, o
> (4) que los costos para obtener la prueba exceden el beneficio que ésta puede aportar al caso.[38]

Esta Regla, en su inciso (b), instituye que una moción de *orden protectora* sometida al tribunal debe ser acompañada por una **certificación sobre que se ha intentado o se han llevado a cabo esfuerzos de buena fe para resolver la controversia**, lo cual faculta al foro inferior a emitir la orden que proceda en justicia.[39] Entonces, el tribunal de instancia pudiese tomar alguna de las próximas medidas:

> (1) Que no se lleve a cabo el descubrimiento.
> (2) Que el descubrimiento se realice en conformidad con los términos y las condiciones que se dispongan, incluyendo la designación de fecha y sitio.
> (3) Que se lleve a cabo el descubrimiento por un método diferente al seleccionado por la parte que lo interesa.
> (4) Que no se lleve a cabo el descubrimiento de ciertas materias, que se limite su alcance o que son irrelevantes y no conducen al descubrimiento de evidencia admisible.
> (5) Que se realice el descubrimiento en presencia de aquellas personas autorizadas para ello por el tribunal.
> (6) Que una deposición, una vez sellada, sea abierta únicamente por orden del tribunal.
> (7) Que un secreto comercial u otra información confidencial no sea divulgada o que lo sea únicamente bajo ciertas condiciones.

---

[37] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 153-154 (2000).

[38] 32 LPRA Ap. V, R. 23.2.

[39] *Íd.*. La Regla 34.1 indica expresamente que:
> Cuando surja una controversia en torno al descubrimiento de prueba, el tribunal **sólo considerará las mociones que contengan una certificación de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado o abogada de la parte adversa** para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos. 32 LPRA Ap. V, R. 34.1. (Énfasis suplido).

Véase Carlos E. Díaz Olivo, *Litigación Civil*, Colombia, Ed. AlmaForte, 2016, págs. 158- 159.

(8) Que las partes presenten simultáneamente, en sobre sellado, determinados documentos o informes para ser abiertos de acuerdo con las instrucciones del tribunal.[40]

Para la emisión de una *orden protectora* durante el *descubrimiento de prueba*, el tribunal debe considerar los siguientes factores: "(1) la multiplicidad de partes; (2) el monto de las cuantías reclamadas; (3) el extenso y complicado descubrimiento de prueba; (4) la complejidad de las controversias planteadas; y (5) los recursos de las partes, entre otros".[41] Al mismo tiempo, el foro de instancia debe "auscultar la deseabilidad de emitir una orden protectora que limite el alcance del descubrimiento de prueba, permitiendo el descubrimiento en la primera fase sólo en cuanto a prueba relacionada con la controversia de responsabilidad".[42]

Si la moción de *orden protectora* es denegada, el tribunal podrá dictaminar que proceda el *descubrimiento de prueba* bajo los términos y condiciones que procedan en justicia.[43]

- III -

En este caso, el **Hospital** apuntaló que el tribunal recurrido incidió: (i) al ordenarle que descubriera prueba protegida bajo la Ley HIPAA; y (ii) al denegar la solicitud de *orden protectora*.

Por otro lado, el señor **Soto Pijuan** adujo que el **Hospital** no cumplió con los requisitos de la Regla 23.2 (b) y la Regla 34.1 de las de Procedimiento Civil de 2009 antes de interpelar la *orden protectora*. A saber, que el **Hospital** no realizó las gestiones extrajudiciales requeridas para que procediera conceder una *orden protectora*. Puntualizó que el foro de instancia tiene discreción para manejar el *descubrimiento de prueba* y su causa de acción versa sobre daños y perjuicios bajo el Artículo 1536 del Código Civil de Puerto Rico de 2020, pero que la prueba sobre la violación a la Ley HIPAA es

---

[40] 32 LPRA Ap. V, R. 23.2.
[41] *Rodríguez v. Syntex*, 160 DPR 364, 395 (2003). Si el tribunal determina que procede la intervención, podrá establecer los controles que entienda necesarios. *Íd.*
[42] *Vellón v. Squibb MFG. Inc.*, 117 DPR 838, 862 (1986).
[43] *Íd.*

imprescindible para probar la reclamación incoada porque el daño yace del incumplimiento con este estatuto federal.

Como cuestión de umbral, ante el hecho de que este recurso es una *Petición de Certiorari*, debemos determinar si procede o no su expedición. Es sabido que un tribunal intermedio revisor no intervendrá con el ejercicio de la discreción (manejo de sala) de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, o actuó con prejuicio o parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención en esa etapa evitará un perjuicio sustancial.

El HOSPITAL no ha demostrado que el foro recurrido actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. Nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Sus planteamientos no nos mueven para inmiscuirnos en el manejo del caso o en la discreción del (de la) juez quien presidió la sala y determinó que no procedía la *orden protectora*.

- IV -

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* incoado el 15 de abril de 2025 por PRESBYTERIAN COMMUNITY HOSPITAL, INC.; y se deja sin efecto la paralización de los procedimientos dispuesta mediante la *Resolución* intimada el pasado 16 de abril. En consecuencia, deberá proseguirse con los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones